E-FILED
Tuesday, 05 May, 2020  10:07:21 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY STAPLETON,              )
   Plaintiff,                   )
                                )
   vs.                          )          No. 20-3002
                                )
ABDUR NAWOOR, et. al.,          )
   Defendants.                  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims five Defendants violated his constitutional rights at Taylorville Correctional Center including Dr. Abdur Nawoor, Medical Administrator Katie Hackney, Nurse Megan Eggeman, Warden Shelith Hansbro, and Wexford Health Sources, Inc.

Plaintiff was transferred from Dixon Correctional Center to Taylorville in June of 2019. Plaintiff says prior to the transfer, he was going to an outside doctor for an MRI. It is not clear from Plaintiff's complaint and attachments whether the appointment was scheduled prior to his transfer.

1

Plaintiff says the "entire left side" of his body is "messed up," he has pressure on his lower back, and it takes him 30 minutes to get up every day. (Comp., p. 6).  Plaintiff also says he "can't move or rise my arm and it feels like it's on fire or someone is stabbing me." (Comp., p. 6).  Plaintiff explains the problems began after he slipped and fell in the Will County Jail in 2018.

When he arrived at Taylorville, Plaintiff repeatedly requested sick call with Defendants Hackney and Eggeman, but the Defendants refused to provide any care for his chronic pain.  Plaintiff then saw Defendant Dr. Nawoor and explained his condition, but the doctor said there was nothing he could do for Plaintiff.  Plaintiff also wrote letters to the Warden and Wexford, but received no response

Nonetheless, Plaintiff also admits he was sent to Taylorville Hospital on an unspecified date and a physical therapist (PT) reviewed exercises for Plaintiff to do for his condition.  Plaintiff says there is no licensed PT at the correctional center and nurses do not supervise the exercises.

Plaintiff says Dr. Nawoor has still not provided appropriate treatment for his constant pain and the Defendant has not ordered any follow-up testing.  In addition, Plaintiff says the doctor refuses to provide any treatment for his asthma.

Plaintiff has attached more than 50 pages of exhibits to his complaint which further clarify his claims. For instance, a July 24, 2019 grievance response indicates Plaintiff had problems with his left shoulder and lower back since February of 2017. (Comp, p. 10).  Defendant Hackney states there is no indication Plaintiff was approved for an MRI at Dixon.  However, Plaintiff received x-rays at Taylorville which found

2

mild degenerative changes consistent with mild arthritis. Plaintiff was advised he should continue with over-the-counter pain medications as well as physical therapy. Plaintiff was advised to speak to his doctor if he continued to suffer in pain. (Comp, p. 10).

On October 28, 2019, it appears Dr. Ritz from Wexford refused a request for an MRI of Plaintiff's left shoulder. (Comp., p. 33). Continued physical therapy was recommended and Plaintiff was sent to Taylorville Memorial Hospital for "Rehab Services" in November of 2019. (Comp., p. 36).

A physical therapist's (PT) report indicates Plaintiff fell in October of 2019 and further injured his hip and shoulder. The PT notes Plaintiff's rehabilitation potential is good if he can continue with prescribed exercises. (Comp., p. 11-12, 39, 42).

For the purposes of notice pleading, Plaintiff has adequately alleged Defendants Dr. Nawoor, Medical Administrator Hackney, and Nurse Megan Eggeman violated Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his medical conditions. Plaintiff claims all of the Defendants were deliberately indifferent to his continued pain, and Defendant Dr. Nawoor was also deliberately indifferent to Plaintiff's asthma.

Plaintiff has not articulated an official capacity claim and he has failed to articulate any other claim against Defendants Warden Hansbro and Wexford Health Sources, Inc. The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir.

2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877

(7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates).  In

addition, the fact that Plaintiff chose to send letters to supervisors does not by itself

establish liability. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the
Court finds the Plaintiff alleges Defendants Dr. Nawoor, Medical Administrator
Hackney, and Nurse Megan Eggeman violated Plaintiff's Eighth Amendment
rights when they were deliberately indifferent to his medical conditions
including pain and asthma. The claim is stated against the Defendants in their
individual capacities only.  Any additional claims shall not be included in the
case, except at the Court's discretion on motion by a party for good cause shown
or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until
counsel has appeared for Defendants before filing any motions, in order to give
Defendants notice and an opportunity to respond to those motions.  Motions filed
before Defendants' counsel has filed an appearance will generally be denied as
premature.  Plaintiff need not submit any evidence to the Court at this time, unless
otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a
waiver of service.  Defendants have 60 days from service to file an Answer.  If
Defendants have not filed Answers or appeared through counsel within 90 days

of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Hansbro and Wexford for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on the remaining Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 5th day of May, 2020.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE